# IN THE COURT OF APPEALS OF IOWA

No. 19-1909
Filed April 27, 2022

**WILLIE JAMES HERRON, JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

Willie Herron appeals the denial of his second application for postconviction relief. **AFFIRMED.**

Ronald W. Kepford, Winterset, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Tabor, P.J., May, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**VOGEL, Senior Judge.**

In 2009, sentence was imposed upon Willie Herron's convictions for two counts of first-degree burglary and one count of first-degree robbery. We affirmed on direct appeal, rejecting his various claims of error, abuse of discretion, and ineffective assistance of counsel. *See generally State v. Herron*, No. 09-1836, 2011 WL 662412 (Iowa Ct. App. Feb. 23, 2011). Procedendo issued in April 2011.

Herron filed his first application for postconviction relief (PCR) in September 2011. That application was denied by the district court. We affirmed, rejecting Herron's claims of ineffective assistance of trial and PCR counsel. *See generally Herron v. State*, No. 14-1196, 2016 WL 5929980 (Iowa Ct. App. Oct. 12, 2016). Procedendo following that appeal issued in early March 2017.

Nearly ten months later, in late December 2017, Herron filed the PCR application precipitating this appeal. Citing the supreme court's recent decision in *State v. Plain*, 898 N.W.2d 801 (2017), he argued his right to an impartial jury drawn from a fair cross-section of the community was violated. In an amended application, he added claims that trial, appellate, and his first PCR counsel were ineffective in failing to raise the fair-cross-section claim.

In time, the State filed a motion for summary disposition, arguing Herron's application was barred by the three-year statute of limitations contained in Iowa Code section 822.3 (2017), the second application was not promptly filed after the conclusion of the first proceeding within the meaning of *Allison v. State*,[1] and *Plain*

---

[1] *See* 914 N.W.2d 866, 891 (Iowa 2018) (holding that where a timely application is filed within the statute of limitations alleging ineffective assistance of trial counsel, the filing of a successive application that alleges ineffective assistance of postconviction counsel in presenting the ineffective-assistance-of-trial-counsel

is not entitled to retroactive treatment. The court denied the motion on the basis that genuine issues of material fact remained, and the matter proceeded to trial.

Following trial, the district court concluded the application was untimely, *Plain* is not entitled to retroactive treatment, and none of Herron's prior attorneys rendered ineffective assistance in failing to raise the issue. The court denied Herron's application, and this appeal followed.

We ordinarily review the denial of a PCR application for legal error, but our review is de novo when claims of ineffective assistance of counsel come into play. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).

Herron first argues the court erred in finding his application was untimely. He asserts his application was promptly filed following the conclusion of the first proceeding within the meaning of *Allison*. Herron did not file his second application until nearly ten months after the conclusion of the first proceeding. We decline Herron's invitation to reevaluate what qualifies as prompt, and we summarily conclude his second application was not prompt within the meaning of *Allison*. *See, e.g., Maddox v. State*, No. 19-1916, 2020 WL 5230367, at *3 (Iowa Ct. App. Sept. 2, 2020) (finding 121 days, or roughly four months, does not qualify as prompt), *further review denied* (Oct. 28, 2020); *Polk v. State*, No. 18-0309, 2019 WL 3945964, at *1 (Iowa Ct. App. Aug. 21, 2019) (finding application filed "nearly six months" after procedendo issued was not filed promptly within the meaning of *Allison*).

---

claim, the filing of the second application relates back to the time of the filing of the original application so long as the successive application is filed promptly after the conclusion of the original action).

Herron goes on to argue the filing of his application roughly six months after the *Plain* decision satisfies the promptness requirement. But six months is also not prompt. *Maddox*, 2020 WL 5230367, at *3; *Polk*, 2019 WL 3945964, at *1. And the *Allison* decision was narrow and "says what it says." *Velazquez-Ramirez v. State*, ___ N.W.2d ___, ___, 2022 WL 108542, at *2 (Iowa Ct. App. 2022). "[B]y its plain terms, *Allison* only applies to second PCRs 'filed promptly *after the conclusion of the first PCR action.*'" *Id.* (citation omitted). Having concluded *Allison* does not save the application from the statute of limitations, we find it unnecessary to address Herron's position on what types of claims *Allison* allows to be brought in a successive application.[2]

Next, Herron argues the district court erred in determining *Plain* is not entitled to retroactive treatment. It is true that *Plain* serves as "a new ground of law under section 822.3." *Thongvanh v. State*, 938 N.W.2d 2, 16 (Iowa 2020). That said, it "does not apply retroactively to cases on collateral review." *Id.* "Because *Plain* cannot retroactively apply to [Herron's] jury-composition claim, he has no viable jury-composition claim in this PCR proceeding." *Nelson v. State*, No. 18-1928, 2020 WL 7021509, at *2 (Iowa Ct. App. Nov. 30, 2020). And because Herron's conviction was final when *Plain* was decided, he cannot rely on it to support his claims of ineffective assistance of prior counsel, which we thus find unnecessary to address. *See, e.g.*, *Bol v. State*, No. 19-0225, 2020 WL 3571807, at *3 (Iowa Ct. App. July 1, 2020).

---

[2] We note our recent "definitive" conclusion that the legislature invalidated *Allison*'s relation-back doctrine as it relates to applications filed on or after July 1, 2019. *See Brooks v. State*, No. 20-1652, 2022 WL 951080, at *1–2 (Iowa Ct. App. Mar. 30, 2022).

We affirm the denial of Herron's PCR application.

**AFFIRMED.**